## Quick v. Lichtenwalner

*Hervey B. Smith,* for plaintiff.

*Donald A. Lewis* and *John L. Pipa, Jr.,* for defendant.

KREISHER, P. J., December 8, 1952. — This is an action in trespass wherein plaintiff seeks to recover compensatory and punitive damages from defendant doctor for executing the physician's certificate and affidavit on commitment papers, which resulted in plain-

tiff's commitment to a State hospital, without making an examination of plaintiff by defendant.

Defendant's counsel have filed preliminary objections to the complaint under Rule 1017 of the Pennsylvania Rules of Civil Procedure, which are now before the court for disposition.

Paragraph 3 of the complaint sets forth:

"That on or about June 16, 1951, at Bloomsburg, Columbia County, Pennsylvania, the said H. A. Lichtenwalner, being then and there a practicing physician, did wilfully, wantonly, and negligently prepare, sign, and swear falsely to a physician's certificate, by means of which the said Albert G. Quick, Plaintiff, was committed to the State Hospital for the Insane at Danville, Montour County, Pennsylvania."

Paragraph 4 of the complaint is practically the same as paragraph 3, except that it relates to defendant's execution of the affidavit following the physician's certificate, wherein in substance it is stated that defendant had examined the patient with care and diligence within one week prior to the date of the certificate and that in his opinion the patient was mentally ill, and that the facts set forth in the certificate were true to the best of his knowledge and belief.

Defendant's objection to paragraph 3 of the complaint is stated as follows:

"Paragraph 3 of the complaint refers to a certain physician's certificate, wilfully, wantonly and negligently prepared, signed and sworn to by the defendant, without plaintiff attaching a true and correct copy of said certificate to the complaint as an exhibit. Without attaching the same to the complaint it is impossible for defendant to make a responsive answer thereto. It is therefore respectfully requested that plaintiff be required to attach a true and correct copy of said certificate to the complaint."

Defendant's objection to paragraph 4 is practically the same as the objection to paragraph 3, except that it refers to the affidavit following the certificate, requesting that a true and correct copy of the affidavit be attached to the complaint.

Rule 1019(h) of the Pennsylvania Rules of Procedure provides:

"A pleading shall state specifically whether any claim or defense set forth therein is based upon a writing. If so, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to him, it is sufficient so to state, together with the reason, and to set forth the substance of the writing."

Counsel for plaintiff at the time of argument stated he endeavored to get the commitment papers or a copy thereof before instituting suit, but he was unable to procure them as they were turned over to the State hospital, which refused to surrender them. In support of this alleged effort counsel produced a letter from the Secretary of Welfare addressed to the Hospital Superintendent as follows:

"In reference to your recent inquiry regarding the above subject I wish to state that it is the administrative policy of the Department of Welfare that commitment papers and patients' records be held in strictest confidence at all times. All persons charged with custody of such papers must be guided by this policy."

Remembering that this is an action of trespass based upon negligence and not an action of assumpsit based upon a written contract, it is reasonable to assume that strict compliance with the rule may be relaxed in trespass actions, because the same necessity is not present in a trespass action as in assumpsit where the action is based solely on the writing. Furthermore, Rule 1019 above quoted distinctly provides

that ". . . if the writing or copy is not accessible to him, it is sufficient so to state, together with the reason, and to set forth the substance of the writing."

Paragraphs 3 and 4 of the complaint above quoted set forth the substance of the writing, but fail to state that the writing is not accessible, and fail to give the reason therefor. However, we believe this is fully explained by the above quoted letter stating the hospital policy, which is likewise generally known and accepted. To strike off a complaint for this highly technical objection would not in our opinion be in keeping with the spirit of the new Rules of Civil Procedure designed to eliminate highly technical objections. An omitted document can always be supplied by amendment. Likewise, it would seem to follow that an averment that the omitted document is not accessible and the reason therefor, could be supplied by amendment. However, since these facts are all now known to all parties, we see no necessity to encumber the pleadings with an amendment of this nature. In this regard rule 1019($a$) merely requires that "the material facts on which a cause of action . . . is based shall be stated in a concise and summary form." This does not require any technical or detailed dissertation, but merely sufficient material facts so as to inform the other party of what he has to meet so that he can properly prepare his defense. Here the allegation is that defendant signed a physician's certificate and affidavit on a commitment paper to plaintiff's detriment without an examination. This allegation seems clear and unambiguous, so that defendant is informed as to what he has to meet, and he can answer by denying the allegation if he did not do what he is charged with having done, or admit the allegation if it is true and correct, or admit part of the allegation and deny part of the allegation, or he may even explain his position and

deny liability. Therefore, we find no reason for requiring plaintiff to file a more specific pleading with regard to paragraphs 3 and 4 of the complaint. We do not deem it necessary to require plaintiff to amend the complaint as to the non-accessibility of the writing and the reason therefor, and we do not think it would be proper for us to strike off the complaint for plaintiff's failure to attach a copy of the writing, which obviously would be requiring plaintiff to do a vain act.

Paragraph (c) of defendant's motion for a more specific pleading states:

"Paragraph 5 of the complaint refers to a letter as Exhibit A, attached to the complaint. This letter is evidentiary, hence not properly a part of the complaint, and it is respectfully requested that your Honorable Court make an order directing the plaintiff to delete said Exhibit A from the complaint."

An examination of the exhibit reveals that it is a letter addressed to the court on defendant's letterhead and signed by defendant, stating that he never examined plaintiff, but that an emergency case arose and he, therefore, took the statements of Dr. J. R. Brobst and the daughter of plaintiff, who presented the commitment to him. We are inclined to agree with defendant's contention in this regard because of the reason stated in the objection that the letter is purely evidentiary in character, and we are of the further opinion that defendant should not be called upon to make answer thereto. This letter may probably be used as evidence at the trial, but we do not believe it performs any function in the complaint, being purely evidentiary and, therefore, should not have been pleaded. Having been pleaded, however, does not justify striking off the complaint. Rather we believe the exhibit should simply be deleted from the complaint and defendant not required to answer.

Paragraphs (d) and (e) of defendant's objections state that paragraphs 7 and 8 of the complaint are impertinent, irrelevant and scandalous, and it is requested that the same be deleted from the complaint. The objections do not set forth in what manner the same are impertinent and scandalous, but merely make the general averment. Ordinarily general averments of this nature are not considered, as it is generally required that such matter as is complained of be specifically quoted and state the nature and the manner in which the same is impertinent, irrelevant and scandalous. Paragraph 7 of the complaint sets forth that plaintiff was forcibly removed from his home, handcuffed, placed in an automobile, and without telling him where he was being taken, removed to the State hospital where he was committed. The eighth paragraph sets forth that the brother and sister of plaintiff within a few days after the commitment instituted a habeas corpus proceeding and obtained plaintiff's discharge from the State hospital, upon the testimony of the assistant superintendent of the hospital to the effect that plaintiff was not mentally ill. Facts not material to the issue are impertinent and, if reproachful, are scandalous. Webster gives as synonyms "infamous," "detestable," "odious," "disgraceful," "base," "vile," "shameful," and "ignominious." However, matters in a pleading which are material to the issue are not to be considered irrelevant or impertinent, and even though the same may be scandalous in the common use of the word, they cannot be deleted from the pleading if material to the primary issue of the suit. Counsel for defendant argue that the allegations of paragraph 7 could be taken to mean that defendant personally handcuffed plaintiff, threw him into his automobile and removed him to the State hospital or, on the other hand, it could mean that someone else committed the acts complained of, and that that person

should be defendant in the case. Taking plaintiff's theory of the case in a common-sense view, we believe that paragraph 7 unquestionably means that the acts complained of were committed as a result of defendant's conduct in executing the physician's certificate and affidavit on the commitment papers. It appears to us that these facts are a chain of events that go to make up plaintiff's case; that they are material to the primary issue, and even though the conduct alleged might fall within the definition of scandalous, since they are material it cannot be said that they are irrelevant, impertinent or scandalous in law. The paragraph in our opinion sufficiently informs defendant of what plaintiff proposes to prove upon the trial under paragraph 7, and if defendant has no knowledge of the facts therein alleged, he can so plead and demand proof thereof.

Likewise, we believe that the facts set forth in paragraph 8 are material to the primary issue of plaintiff's cause of action; that it puts defendant on notice of what plaintiff intends to prove at the trial, and since material it cannot be said to be irrelevant, impertinent or scandalous. The facts alleged in the paragraph are a matter of public record, which defendant can verify if he so chooses. If he does not so choose, he can answer by stating that he has no knowledge of the facts contained in the paragraph and demand proof thereof upon the trial of the case.

Paragraph (f) of defendant's motion for a more specific pleading sets forth that:

"Paragraph 9 of the complaint contains a general averment to the effect that plaintiff suffered a severe shock to his nervous system. It is respectfully requested that plaintiff be required to aver in detail what illness, if any, he has suffered."

The ninth paragraph of the complaint reads as follows:

"That by reason of Defendant's wilful, wanton and negligent conduct as aforesaid, the Plaintiff was wrongfully imprisoned in an institution for mentally insane persons and in consequence thereof Plaintiff's health and physical well being was seriously affected. He suffered a severe shock to his nervous system and he has and will in the future continue to suffer great mental anguish, whereby the Plaintiff claims compensatory and punitive damages of the Defendant in the amount of twenty-five thousand ($25,000.00) dollars."

3 Standard Pa. Practice, §49, p. 169, contains the following statement:

"*General Damages.*—It is fundamental that general damages—that is, damages such as necessarily result from the injury complained of—which are the ordinary, usual, or natural consequences of the wrong done —are not required to be specially pleaded; averment of the facts showing the wrong done, together with a general averment of the resulting damage, is sufficient to authorize the recovery of such damages as would naturally follow from the act complained of. The law presumes damages which are the necessary and proximate consequence of the act complained of to have resulted from that act, so that the defendant cannot be taken by surprise in the proof of such damages."

It has long been the law of Pennsylvania that damages for false arrest, false imprisonment, pain and suffering, nervous shock, etc., are damages that cannot be specifically liquidated, specifically pleaded and set forth with the particularity as in cases of damages to personal property or personal physical injuries sustained. This is true because of the very nature of the injuries sustained. In pain and suffering there is no fixed rule of liquidating the amount plaintiff is entitled to except that the amount must be reasonable, taking into consideration the nature of the injury, its extent

and all of the surrounding circumstances and conditions. Pennsylvania has long recognized the doctrine of general damages in cases for malicious prosecution, and has permitted plaintiff to set forth the damage in general terms, leaving the amount to be fixed by the jury under proper instructions from the court. To hold otherwise would be placing an almost impossible burden upon plaintiff. It will be noticed from the quotation above that plaintiff in the trial of the cause is restricted to the proof of only such damages as necessarily, ordinarily, usually and naturally result from the alleged wrong. We do not think that defendant can be confronted with any element of surprise in permitting this form of pleading, because on the trial the court has the power to keep plaintiff restricted to proving only those damages which fall within the above-quoted rule, and those elements of damage of shock to the nervous system, mental anguish, anxiety of mind, injured reputation, deprivation of liberty, etc., are as well known and common to defendant as to plaintiff and the court. Again, if defendant has no knowledge of the facts alleged in this paragraph, he is at liberty to so plead and demand proof thereof upon the trial. The nature of the damages claimed and the basis therefor are set forth in sufficient detail to inform defendant of plaintiff's claim, as it states the nature of the injury and the manner in which the injuries were sustained, and we believe that defendant can intelligently investigate this claim and properly prepare his defense thereto.

Defendant's counsel contend that compensatory and punitive damages must always be itemized in detail. However, they cite no authority for this proposition, and we have been unable to find any such authority. We do find, however, in 3 Standard Pa. Practice, §187, p. 459, the following:

"Although a complaint in trespass should itemize
the damage claimed, so far as possible, with particu-
larity, punitive or exemplary damages, from their
nature, cannot be itemized, and the complaint need not
contain any itemized averment as to them." Therefore,
it would appear that counsels' contention in this regard
is not well founded. In §185 of the same volume of
Standard Pa. Practice it is stated: ". . . according
to the majority of the decisions under the Practice
Act of 1915, all claims for damages which were sus-
ceptible of being itemized or otherwise set forth in
detail, had to be so presented in the pleadings in actions
of trespass; in other words, the items of damages had
to be set out specifically, in so far as practicable."

However, in §186 it is stated that in tort actions
"damages which necessarily follow as a natural and
probable result of an injury, and those which the law
will imply from the facts set forth—general damages
—may be proved without special averments, as de-
fendant will be presumed to be aware of such conse-
quences of his conduct. The tortious act itself is the
gravamen of the action, and the necessary resulting
injuries are only the measure of the damages; . . ."

The only requirement we are able to find in the new
Rules of Civil Procedure with respect to the pleading
of damages is under Rule 1019(f), which provides:
"Averments of time, place and items of special damage
shall be specifically stated."

The comment of Mr. Amram in Goodrich-Amram
Procedural Rules under this section simply states:

"Under prior practice, general damages might be
pleaded generally, but special damages in assumpsit
had to be stated specifically, and the 'lumping' of spe-
cial damages was bad pleading. This practice has been
continued unchanged."

It would appear, therefore, that the decisions under
the Practice Act of 1915 with respect to pleading dam-

ages generally, which were not susceptible of being itemized or otherwise set forth in detail, may still be pleaded generally.

Paragraph (*g*) of defendant's motion for a more specific pleading sets forth that:

"The averments contained in the tenth paragraph of the complaint contain impertinent, irrelevant and scandalous matters. It is therefore respectfully requested that the plaintiff be required to delete said averments from the complaint."

The tenth paragraph of the complaint provides:

"That on August 3, 1951, Albert G. Quick, through his attorney, made demand upon the said H. A. Lichtenwalner, Defendant, for damages occasioned by his illegal commitment to the Danville State Hospital and suggested a meeting for the purpose of discussing the possibility of an amicable settlement. Without replying to this letter and with intent to avoid the payment of a just claim, said H. A. Lichtenwalner did, on August 31, 1951, fraudulently convey his property to the entireties name of himself and his wife. This Deed was duly recorded in the Office for the Recording of Deeds at Bloomsburg, Pennsylvania, on September 12, 1951, in Deed Book 155, page 139."

Counsel for defendant contend that this paragraph is impertinent because it contains a legal conclusion, wherein it is pleaded that defendant intended to avoid the just claim. Counsel for defendant contend that perhaps in the opinion of counsel for plaintiff it is a just claim, but in the opinion of counsel for defendant the claim is an unjust one, and the statement that it is a just claim being a legal conclusion cannot be pleaded. It is also contended that the allegations of the paragraph are irrelevant because there is nothing contained in the paragraph which can have any possible bearing on the primary issue. Defendant's counsel also contend that the contents of the paragraph are scandalous

because it avers a fraudulent conveyance by defendant of his property to himself and his wife, which obviously contains an element of offending the senses and charges defendant with a base, shameful and reproachful act, which is in no way material to the issue. What we have said heretofore with respect to impertinent, irrelevant and scandalous matters is likewise applicable to this paragraph, and we are inclined to agree with the contention of counsel for defendant that paragraph 10 is in no way material to the primary issue of this suit; that defendant should not be required to make answer to the allegations contained therein; that some of the allegations are scandalous and, therefore, the tenth paragraph of the complaint should be deleted and defendant not required to answer. If the facts contained in paragraph 10 are correct as stated, and plaintiff is able to prove that the alleged conveyance was made for the purpose of defrauding plaintiff, we believe the law affords plaintiff an adequate remedy, and the matters raised under paragraph 10 cannot be litigated in the present controversy, but must be litigated in a separate proceeding.

Defendant's preliminary objections to the complaint conclude with a demurrer under Rule 1017(b)4, and it is defendant's contention that even taking all of the allegations of plaintiff's complaint well pleaded as true, that plaintiff has failed to aver a good cause of action against defendant.

The Mental Health Act of Pennsylvania specifically sets forth the degree of care a physician must exercise in filling out commitment papers to commit a person to a State hospital for the mentally insane. Likewise, the common law imposes a duty upon a physician to use at least ordinary care in committing a person to a hospital for the mentally insane. In the case of Williams v. Le Bar et al., 141 Pa. 149, two doctors

were sued in trespass in a case very similar to the case at bar. The same came on for trial before the lower court with the judge trying the case without a jury, with the result of a judgment in favor of defendant doctors on the ground that the doctors actually made an examination, but they were mistaken in their diagnosis, but that plaintiff failed to prove any negligence on the part of the doctors, and, therefore, he was denied recovery. The court below in its decision quoted Crompton, J., in the case of Hall v. Semple, 3 F. & F. 337, an English case, which gave the judge's charge to the jury in a case of similar nature in the following language:

" 'Take me as saying to you, in point of law, that if a medical man assumes, under this statute, the duty of signing such a certificate, without making and by reason of his not making a due and proper examination, which a medical man under such circumstances ought to make and is called on to make, not in the exercise of the extremest possible care, but in the exercise of ordinary care, so that he is guilty of culpable negligence, and damage ensue, then, that an action will lie, although there has been no spiteful or improper motive, and though the certificate is not false to his knowledge.

" 'The true ground of plaintiff's complaint is the negligence of the defendant, and the want of due care in the discharge of the duty thrown upon him; and I think that if a person assumes the duty of a medical man, under this statute, and signs a certificate of insanity which is untrue, without making the proper examination and inquiries which the circumstances of the case would require from a medical man using proper skill in such a matter, if he states that which is untrue and damage ensues to the party thereby, he is liable to an action, and it is to that I desire to call your particular attention. It is not that a medical man

is bound to form a right judgment, so as to be liable to an action if he does not. There are cases of insanity which are very difficult to deal with or to understand. But what he is required to do is to make an examination, and if it be necessary, to make such inquiries as may be required. It would be unjust if a man were to be visited, in cases of this kind, with consequences arising from mere error of judgment or mistake in fact.

" 'There must be, to make him liable, negligence in the discharge of those proper duties which it must be taken he has assumed in undertaking to sign the certificate of insanity, and if you are satisfied that there has been negligence with reference to these matters— culpable negligence, as I have described it—then he is liable. Now, I cannot help thinking in a matter of this kind, which is not like a mere preliminary inquiry before a magistrate, but a proceeding upon which a man is to be at once confined to imprisonment as a lunatic, very considerable care is necessary. One can hardly say precisely what that degree of care may be. It is said that one man may be satisfied with a quicker examination than another. We, for instance, would take a long time, before we should be able to form a judgment in a matter of this kind. A person experienced in such matters might decide more quickly, while an ordinary medical practitioner might require a longer time. We take it as clear, however, that considerable care ought to be used.' "

It is true in the case of Williams v. Le Bar that the lower court denied recovery and the Supreme Court affirmed the judgment, but the court found in that case that the doctors made an examination of plaintiff, and plaintiff failed to prove any negligence on the part of the doctors. Even though they might have been guilty of error of judgment, they were not liable for such error. The appellate court does not criticize the lan-

guage of the lower court above quoted, and we take it that the appellate court affirmed the lower court's quotation of the English case above cited.

In the case of the demurrer defendant admits all of the facts well pleaded in plaintiff's complaint, and it appears to us that keeping this rule in mind, plaintiff has alleged sufficient facts in the complaint to be the basis of a cause of action, at least requiring the court to permit the case to be brought to issue and plaintiff permitted to at least introduce his side of the case. We, therefore, believe that the demurrer must be overruled.

### Order of Court

And now, to wit, December 8, 1952, defendant's motion for a more specific pleading is denied, except, however, defendant's request to have exhibit A, attached to the complaint, deleted therefrom is granted, and defendant's request to have paragraph 10 deleted from the complaint is granted, and defendant need not answer paragraph 5 or paragraph 10 of the complaint.

It is further ordered that the demurrer to plaintiff's complaint be overruled.